UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALGIE NORRIS On Behalf of Herself and All Others
Similarly Situated,                                                    Case No.:

                    Plaintiffs,
                                                              **COLLECTIVE AND CLASS
                                                              ACTION COMPLAINT
          -vs.-                                               WITH JURY DEMAND**


PROCORE LLC and JACK BROWN,

                    Defendants.
-------------------------------------------------------------------X

     Plaintiff ALGIE NORRIS ("Ms. Norris") on behalf of herself and all others similarly

situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their

attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for their Complaint against

PROCORE LLC ("ProCore") and JACK BROWN ("Brown") (together "Defendants") allege upon

knowledge as to herself and her own actions and upon information and belief as to all other matters

as follows:

**NATURE OF CASE**

     1.     This is a civil action for damages and equitable relief based upon Defendants'

flagrant and willful violations of Plaintiffs' rights guaranteed to them by: (i) the overtime

provisions of the Fair Labor Standards Act, 29 U.S.C. § 207(a); (ii) the overtime provisions of

New York Labor Law § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR");

(iii) the frequency of payment for manual workers provisions of New York Labor Law § 190, et

seq.; (iv) the requirement that employers furnish employees with accurate wage statements on each

payday containing specific categories of information under the NYLL § 195(3); and (v) any other

claim(s) that can be inferred from the facts set forth herein.

1

2.      Plaintiffs worked for Defendants, a security company, as security guards. Throughout Plaintiffs tenure, Defendant automatically deducted a 30-minute break from the Plaintiffs' pay every day.  However, Plaintiffs were not actually afforded an uninterrupted break, amounting to Defendants stealing 30 minutes' worth of wages from the Plaintiffs every workday.

3.      Further, throughout the statutory period Defendants failed to pay the Plaintiffs on a weekly basis as required under the NYLL.

4.      Also, Defendants failed to furnish Plaintiffs with accurate wage statements on each payday as the NYLL requires.

5.      Defendants paid and treated all of their security guards in a similar manner.

6.      Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

7.      Plaintiffs bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves, individually, and on behalf of all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8.      Jurisdiction is based upon 28 U.S.C. §§ 1331 1343, insofar as it involves statutes of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

9.      Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

10.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

**PARTIES**

11.     At all relevant times herein relevant, Plaintiff Norris is a resident of the State of New York, and resides in Bronx County.

12.     At all times herein relevant, Plaintiff Norris was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

13.     At all times herein relevant, Plaintiff Norris was an "employee" entitled to protection as defined by the FLSA, and the NYLL.

14.     Upon information and belief, at all relevant times herein, ProCore was and is a foreign limited liability company created under the laws of the state of Delaware.

15.     Upon information and belief, at all relevant times herein, ProCore has its principal place of business located at 78 Main Street, Suite 711, Brooklyn, New York 11201.

16.     At all relevant times herein, Defendant ProCore was an "employer" of the Plaintiffs within the meaning of the FLSA, and the NYLL.

17.     Upon information and belief, for the calendar year 2018 the ProCore's gross receipts were not less than $500,000.00.

18.     Upon information and belief, for the calendar year 2019 the ProCore's gross receipts were not less than $500,000.00.

19.     Upon information and belief, for the calendar year 2020 the ProCore's gross receipts were not less than $500,000.00.

20.     Upon information and belief, for the calendar year 2021 the ProCore's gross receipts will not be less than $500,000.00.

21.     Defendants were engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business which originated in states other than New York, the combination of which subject Defendants to the FLSA's overtime requirements as an enterprise.

22.     Furthermore, the Defendants' employees, including Plaintiff, the FLSA Plaintiffs, and the Rule 23 Plaintiffs, were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. This independently subjects Defendants to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

23.     At all relevant times herein, Defendant Brown was a resident of the State of New York and has an actual place of business located at 78 Main Street, Suite 711, Brooklyn, New York 11201.

24.     At all relevant times herein, Defendant Brown was the president, and/or owner, and/or day-to-day overseer of ProCore.

## COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiffs seek to bring this suit to recover from Defendants their full payment of all unpaid overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

Current and former employees of Defendants who, during the applicable FLSA limitations period, performed work for Defendants as non-exempt security guards, or similarly situated employees, regardless of job title in the State of New York who give consent to file a claim to recover damages for overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

26.     Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

27.     At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendant purposefully chose not to do so.  Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

28.     In addition, Plaintiffs seek to maintain this action as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3), on their own behalf, individually, as well on behalf of those who are similarly-situated who the Defendant subjected to violations of the NYLL and the NYCCRR during the applicable statutory period.

29.     Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that

predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and,

e. A class action is superior to other methods of adjudication.

30.    The Rule 23 Class that Plaintiffs seek to define includes:

Current and former employees of Defendants who, during the applicable NYLL limitations period, performed work as Security Guards, or similarly situated employees regardless of job title, in the State of New York ("Rule 23 Plaintiffs").

## Numerosity

31.    During the previous six years, Defendants have employed, in total, at least one hundred employees that are putative members of this class.

## Common Questions of Law and/or Fact

32.    There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff, including but not limited to the following: the duties that the Defendants required and require each Rule 23 Plaintiff to perform; whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one half times their respective straight-time rates of pay for all hours worked per week over forty; whether Defendants paid the Rule 23 Plaintiffs for hours they worked; whether Defendants paid the Rule 23 Plaintiffs on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned; whether the Defendants furnished and furnish the Rule 23

Plaintiffs with accurate wage statements on each payday containing the information required by

N.Y. Lab. Law § 195(3); whether the Defendants kept and maintained records with respect to each

hour that the Rule 23 Plaintiffs worked; whether the Defendants kept and maintained records with

respect to the compensation that they paid to the Rule 23 Plaintiffs; whether the Defendants

maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the

Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and

supporting regulations; if so, whether the Defendants' violations were in willful violation of the

NYLL and supporting regulations; and if so, what constitutes the proper measure of damages

**Typicality of Claims and/or Defenses**

33.     As described in the background facts section below, Defendants, despite the title

that it assigned to Plaintiffs, employed Plaintiffs as non-managerial, non-exempt employees.

Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent,

as the Rule 23 Plaintiffs work, and/or have worked for Defendants in excess of forty hours per

week, as non-managerial employees, and Defendants failed to pay Plaintiffs overtime.  Plaintiffs

and the Rule 23 Plaintiffs are also "manual workers" who Defendants failed to pay on a weekly

basis and not later than seven calendar days after the end of the week in which the wages are

earned.  Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be

paid at a rate of one and one-half times their straight time rates for all hours worked per week in

excess of forty, to be paid on a weekly basis, to be provided notice before termination, and to be

furnished with accurate wage statements.  Plaintiffs and the Rule 23 Plaintiffs have all sustained

similar types of damages as a result of Defendants' failure to comply with the NYLL and

supporting regulations.  Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack

of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiffs' claims and/ or the Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

## Adequacy

34.     Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. The Defendants did not pay Plaintiffs overtime pay for their hours worked over forty each week, did not pay Plaintiffs for all the hours they worked and paid Plaintiffs every two weeks, which is substantially-similar to how the Defendants paid the Rule 23 Plaintiffs.  Plaintiffs fully anticipate testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

## Superiority

35.     Plaintiffs have no, or few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

36.     Any lawsuit brought by an employee of the Defendants for the same violations alleged herein would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

37.     Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this matter is properly maintainable as a Class Action under FRCP 23(b)(3).

38.     Additionally, Plaintiffs' counsel has substantial experience in this field of law.


## BACKGROUND FACTS

39.     Defendants own and operate a security guard company which provides security personnel for non-profit homeless and mental health shelters as well as other businesses.

40.     From six years prior to the commencement of this action Defendants employed security guards throughout New York State.

41.     Upon information and belief, security guards are not required to have any formal education.

42.     Ms. Norris worked for Defendants from on or about January 22, 2021 and continues to work for the Defendants.

43.     Throughout her employment, Ms. Norris worked as a security guard.  In that role, Mr. Norris, like all security guards, monitored high risk populations in a residential facility setting. Further, security guards also monitored occupant whereabouts in their facilities, signed clients and visitors into and out of the facility, conducted security screens of clients, visitors and staff, and answered phones when necessary.

44.     As employees of the Defendants, security guards, including Ms. Norris was primarily responsible for performing manual tasks and physical labor.

45.     Throughout the statutory time period, Plaintiff and other security guards regularly performed manual tasks during the majority of their hours worked. These tasks include but are not limited to standing and walking for long periods of time and making patrols around Defendants' facilities.

46.    Therefore, Plaintiff and other security guards spent more than twenty-five percent of their hours worked performing manual tasks.

47.    Throughout the statutory period to the present, Defendants paid Plaintiff and other security guards by check every two weeks.

48.    As a result of the previous paragraph, Defendants withheld wages due and owing to the Plaintiff and Class Members on a biweekly basis.

49.    Due to the Defendants withholding the wages due and owing to the Plaintiff and Class Members, Defendant deprived the Plaintiff and Class Members of use of those funds.  Upon information and belief, this includes, but is not limited to, using the funds to buy groceries, pay rent, and/or make mortgage payments.  Furthermore, as a result of the Defendants depriving Plaintiff and Class Members of these wages, Plaintiff and Class Members were deprived of interest income which would have accrued in their various bank accounts.

50.    Thus, throughout the statutory period Defendants failed to timely pay Plaintiff and other security guards their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of the NYLL.

51.    Defendants both treated and paid Ms. Norris and the Class Members in a similar manner.

52.    Throughout her employment, Defendants required Ms. Norris to work five days per week, Tuesday through Saturday, inclusive.  Throughout this time period, Ms. Norris was required to work – and did in fact work – 12:00AM until 8:30AM.

53.    Throughout her employment with the Defendants, for every 8.5 hours worked by the Plaintiff, Defendants would only pay for 8.0 hours.

54.     In an effort to minimize their overtime costs and skirt wage and hour laws, throughout their employment, Defendants failed to pay Plaintiff for all hours they worked. Specifically, despite knowing that they were to pay employees for every hour worked, they automatically deducted 30 minutes from every 8.5 hour shift worked by the Plaintiff.

55.     From the beginning of her employment until the end of September 2021, Ms. Norris was paid $16.00 per hour.

56.     From October 1, 2021 to the present, Ms. Norris was paid $17.00 per hour.

57.     Throughout the statutory period, Defendant failed to compensate Ms. Norris at one- and one-half times his applicable regular rate of pay for all hours worked over 40 per week.

58.     Throughout the statutory period, Defendant paid Ms. Norris every two weeks without providing her with accurate wage statements that reflected the amount of hours that she worked.

59.     Defendants acted in the manner described herein so as to maximize their profits while minimizing his labor costs.

60.     Every hour that Plaintiffs worked was for Defendants' benefit.

61.     Defendants treated Rule 23 Plaintiffs in the manner described above.

### ***FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS***
#### *Unpaid Overtime under the FLSA*

62.     Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

63.     Defendants were required to directly pay the Plaintiffs and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

64.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

65.     As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

66.     The Defendants willfully violated the FLSA.

67.     As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

68.     Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendants' violation of the FLSA's overtime provisions.

69.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS*
#### *Unpaid Overtime under the NYLL*

70.     Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

71.     Defendants were required to directly pay the Plaintiffs and Rule 23 Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

72.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL.

73.    As also described above, Plaintiffs and Rule 23 Plaintiffs worked in excess of forty (40) hours per week, yet Defendants failed to compensate them in accordance with the NYLL's overtime provisions.

74.    Due to Defendants' violations of the New York Labor Law, Plaintiffs and Rule 23 Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
#### *Nonpayment of Straight Time Wages*

75.    Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

76.    Named Plaintiff and the Rule 23 Class routinely worked over 40 hours in a given work week.

77.    Defendant has willfully failed to pay all straight time wages dur and owing to the Plaintiff and the Rule 23 Class.

78.    Due to Defendants' violations of the New York Labor law, Plaintiff and Rule 23 Plaintiffs are entitled to recover from Defendant their unpaid straight times wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Failure to Timely Pay Wages*

79.     Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

80.     From six years prior to the commencement of this action until the present, Plaintiff and the Rule 23 Class were employed as manual workers or workingmen, as defined by the NYLL.

81.     NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

82.     From six years prior to the commencement of this action until the present, Defendants failed to pay Plaintiff and the Rule 23 Plaintiffs their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation NYLL § 191.

83.     Defendants' violations of the NYLL have been willful and intentional.

84.     Due to Defendants' violations of the NYLL, Plaintiff and Rule 23 Plaintiffs are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

### *FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Failure to Furnish Wage Statements in Violation of the NYLL*

85.     Plaintiff and Rule 23 Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

86.     NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

87.     As described above, the Defendants willfully failed to furnish Plaintiffs and Rule

23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

88.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to

the Plaintiffs and Rule 23 Plaintiffs for each workweek after the violation occurred, up to the

statutory cap of $2,500.

89.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable

to the Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation

occurred, up to a statutory cap of $5,000.


## DEMAND FOR A JURY TRIAL

90.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury

in this action.


## PRAYER FOR RELIEF

 **WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment

against the Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in

willful violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendants and their agents,

employees, representatives, and any and all persons acting in concert with him, from engaging in

each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendants from any retaliation against any individual for

participating in any form in this lawsuit;

d.        Designation of this action as a FLSA collective action on behalf of Plaintiff and

FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA

Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA

claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and

tolling of the statute of limitations;

e.        Certification of the claims brought in this case under the NYLL as a class action

pursuant to FRCP 23;

f.        All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained

as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages

paid and those due under the law that Plaintiffs would have received but for the Defendants'

unlawful payment practices;

g.        Declaring Defendants' violations of the FLSA and NYLL were willful;

h.        Liquidated damages and any other statutory penalties as recoverable under the

FLSA and NYLL;

i.        Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and

disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness

fees, and other costs;

j.        Designation of Plaintiff and their counsel as collective/class action representatives

under the FLSA and the FRCP;

k.        Awarding punitive damages;

l.        Pre-judgment and post-judgment interest, as provided by law;

m.        Awarding such other and further relief as available under the statues; and

n.        Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
        December 20, 2021

                                    Respectfully submitted,
                                    LAW OFFICES OF WILLIAM CAFARO


                                    _____
                                    By: Amit Kumar, Esq. (AK 0822)
                                    *Attorneys for the Named Plaintiff as Well as the*
                                    *Putative Class*
                                    108 West 39th Street, Suite 602
                                    New York, New York 10018
                                    (212) 583-7400
                                    AKumar@CafaroEsq.com

17